# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 2, 2011

Lyle W. Cayce
Clerk

No. 10-50464
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY ROZON MCDADE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-660-1

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Anthony Rozon McDade appeals the 130-month within-guidelines sentence he received following his guilty-plea conviction for possessing more than five grams of crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a). He contends that his sentence is substantively unreasonable. Because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the argument is raised for the first time on appeal, review is for plain error only.[1] *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

McDade contends that his sentence was greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors, specifically, that it was greater than necessary to reflect the seriousness of the crime or provide just punishment. He argues that a lesser sentence was warranted based on his disadvantaged upbringing and because the crack-to-powder cocaine disparity reflected in the Guidelines is not grounded on empirical evidence or national experience. McDade complains that had his offense involved powder rather than crack cocaine, he would have faced a guidelines range of only 30 to 37 months. He further asserts that the Supreme Court suggested in *Kimbrough v. United States*, 552 U.S. 85, 108-10 (2007), that the presumption of reasonableness should not apply to within-guidelines sentences based on the crack guidelines, though he concedes that the argument is foreclosed.

As nothing in *Kimbrough* or in this court's precedents requires a district court to consider the empirical basis for the applicable Guidelines, and nothing requires the lower court to reject the guidelines calculations if there is no empirical basis, McDade has not established that the district court erred in electing to consider the Guidelines in imposing his sentence. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008); *see also Gall v. United States*, 552 U.S. 38, 51 (2007). McDade's within-guidelines sentence is presumptively reasonable, and he has not overcome that presumption, nor has he otherwise shown that his sentence was substantively unreasonable. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.),

---

[1] McDade argues that he should not be required to object to the sentence as unreasonable at sentencing in order to preserve the claim for appeal. However, he concedes that the argument is foreclosed and seeks to preserve the issue for possible Supreme Court review.

No. 10-50464

*cert. denied*, 130 S. Ct. 192 (2009); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *see also Gall*, 552 U.S. at 51.  Accordingly, there is no plain error in the district court's judgment, and the judgment is AFFIRMED.